UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Caleb Whitfield,**

                   *Plaintiff*,

v.

**Correction Officer Gustave,**
 *In his/her individual and official capacity*,

                   *Defendant*.

Case No. 3:23-cv-023

District Judge Thomas M. Rose

Magistrate Judge Karen L. Litkovitz

---

**ORDER OVERRULING OBJECTION (ECF 15), ADOPTING REPORT AND RECOMMENDATION (ECF 11), AND DENYING WITHOUT PREJUDICE MOTION FOR LEAVE TO JOIN COUNTS. (15)**

---

Before the Court is *pro se* Plaintiff Caleb Whitfield's Motion for Leave to Join Counts and Object to Severance. (ECF 15.) The motion is supported by Memorandum of Law in Support of Opposition to Severance; (ECF 15, PageID 129); Memorandum of Opposition of Conspiracy Claim Dismissal; (ECF 15, PageID 131); and Memorandum of Law in Support of Conspiracy Claim. (ECF 15, PageID 133.)

Plaintiff, an inmate currently at the Toledo Correctional Institution, in Toledo, Ohio, brings this *pro se* civil rights action for alleged violations of his rights while he was a pretrial detainee at the Montgomery County Jail (Jail), in Dayton, Ohio. Upon a *sua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed

1

because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief, *see* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b), Magistrate Judge Karen L. Litkovitz recommended that the Court:

> 1. Dismiss with prejudice Counts One, Two, and Seven of plaintiff's complaint, with the exception of Count One's Fourteenth Amendment excessive-use of-force claim and First and Fourteenth Amendment claims relating to the discontinuation of plaintiff's December 21, 2021 video visit against defendant Gustave for damages in his individual capacity; Count One's Fourteenth Amendment failure-to-intervene claim for damages against defendant Molton in his individual capacity; and Count Two's Fourteenth Amendment due process and conditions-of-confinement claims for damages against defendants Bevis and Eaton in their individual capacities;
>
> 2. dismiss without prejudice as moot plaintiff's claims for injunctive relief. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b);
>
> 3. sever and dismiss the remaining four counts of the complaint—Counts Three through Six—without prejudice to plaintiff re-filing a separate action or actions including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2);
>
> 4. and certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*.

(ECF 11.) Objections were due by July 6, 2023. (*Id.*)

On July 11, 2023, the Court adopted the Report and Recommendations. (ECF 13.) On July 12, 2023, the Court received Plaintiff's Motion for Leave to Join Counts and Object to Severance, (ECF 15), Motion to Amend Complaint. (ECF 14), and Declaration of Plaintiff Caleb Whitfield. (ECF 16.) Plaintiffs' filings ECF 13, 14, and 15 are all dated July 7, 2023.

2

On July 17, 2023, the Court vacated its order adopting the Report and Recommendation, (ECF 17), denying without prejudice Motion to Amend Complaint. (ECF 15).

In his Declaration, Plaintiff recites the Report and Recommendation to the effect, "Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." (ECF 16, PageID 135 (citing ECF 11, PageID 114).) Plaintiff declares "The Courts' order and report and recommendation states it was officially filed 6/22/23, however I received the order officially on 6/28/23, so I still have time remaining to reach the 14-day deadline." (Id.)

Contrary to Plaintiff's understanding, "The time within which objections must be filed runs from the date of filing or mailing of the ruling to which the objections relate, not from the date of receipt of the order." *Beam Sys., Inc. v. Checkpoint Sys., Inc.*, No. CV 95-4068, 1997 WL 423113, at *9 (C.D. Cal. July 16, 1997) (citing 28 U.S.C. § 636(b)(1)) and *Sicurella v. Chater*, 896 F. Supp. 121, 122–123 (W.D.N.Y. 1995)). The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* litigants are not accorded special consideration with regard to deadlines of which they were aware. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). That Plaintiff attempted to correct the Court as to the deadline is evidence of his awareness of the deadline. Plaintiff's objections are untimely.

3

The Court considers Plaintiffs' Motion to Join Counts an objection to the Report and Recommendation. As such, it, too, is untimely. If the Court is mistaken in its understanding, the motion is still better reviewed by the Magistrate Judge in the first instance. To make this clear on the record, the Court **DENIES** without prejudice to refiling Plaintiff's Motion for Leave to Join Counts. (ECF 15.)

The Court has reviewed the findings of the Magistrate Judge and, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has made a *de novo* review of the record in this case. Upon consideration of the foregoing, the Court **ADOPTS** the Report and Recommendations (ECF 11) in its entirety.

**DONE** and **ORDERED** this Tuesday, September 19, 2023.

s/Thomas M. Rose

———————————————

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

4