## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CALEB WHITFIELD,                              Case No. 3:23-cv-23
      Plaintiff,                           Rose, J.
                                              Litkovitz, M.J.

      vs.

CORRECTION OFFICER                            **ORDER AND REPORT**
GUSTAVE, *et al.*,                            **AND RECOMMENDATION**
      Defendants.


Plaintiff, an inmate at the Toledo Correctional Institution in Toledo, Ohio, brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights while he was a pre-trial detainee at the Montgomery County Jail (MCJ) in Dayton, Ohio. This matter is before the Court on plaintiff's motions "for leave to Request the Court to Review and Consider both motions to Amend and to Join Counts Simultaneously" (Doc. 26), "for leave to Join Counts" (Doc. 27), and for default judgment (Doc. 29).[1]  Defendants Correction Officer Gustave, Correction Officer Molton, Sergeant Bemis, and Sergeant Eaton filed a combined response to plaintiff's first two motions (Doc. 33); a response to plaintiff's motion for default judgment (Doc. 34); and a motion to set aside the entry of default (Doc. 31).  (*See* Doc. 23 (Entry of Default)).  Plaintiff did not file replies in support of his motions.

### I.      Procedural history

On June 22, 2023, the undersigned Magistrate Judge issued an Order and Report and Recommendation recommending the dismissal with prejudice of Counts One, Two, and Seven of plaintiff's complaint, with the exception of Count One's Fourteenth Amendment excessive use of force claim and First and Fourteenth Amendment claims relating to the discontinuation of

---

[1] The Court denied a previous motion for default judgment for plaintiff's failure to demonstrate service on defendants.  (*See* Docs. 24, 25).

plaintiff's December 21, 2021 video visit against defendant Gustave for damages in his individual capacity; Count One's Fourteenth Amendment failure-to-intervene claim for damages against defendant Molton in his individual capacity; and Count Two's Fourteenth Amendment due process and conditions-of-confinement claims for damages against defendants Bemis and Eaton in their individual capacities. (Doc. 11 at PAGEID 113). The Magistrate Judge also recommended that the remaining four counts of the complaint (Counts Three through Six) be severed without prejudice to refiling a separate action or actions. (*Id.*).

The District Judge initially adopted this Report and Recommendation (Doc. 13) but later vacated this adoption based on plaintiff's subsequent "Motion for Leave to Join Counts and Object to Severance" (Doc. 15) and declaration (Doc. 16). (Doc. 17). In his Order, the District Judge also denied plaintiff's "Motion to Amend Complaint" (Doc. 14) without prejudice to refiling following consideration of plaintiff's "Motion for Leave to Join Counts and Object to Severance." (Doc. 17).

On September 20, 2023, the District Judge issued an Order construing plaintiff's "Motion for Leave to Join Counts and Object to Severance" and declaration as untimely objections to the undersigned's Report and Recommendation (Doc. 11). (Doc. 19). The District Judge again adopted the Report and Recommendation, noting that it was denying plaintiff's "Motion for Leave to Join Counts and Object to Severance" without prejudice to refiling.[2] (*Id.*).

On October 10, 2023, plaintiff was ordered to either move for the entry of default against defendants or show cause why his action should not be dismissed for lack of prosecution.

---

2 The District Judge stated: "The Court considers Plaintiffs' [sic] Motion to Join Counts an objection to the Report and Recommendation. As such, it, too, is untimely. If the Court is mistaken in its understanding, the motion is still better reviewed by the Magistrate Judge in the first instance. To make this clear on the record, the Court **DENIES** without prejudice to refiling Plaintiff's Motion for Leave to Join Counts." (Doc. 19 at PAGEID 150).

(Doc. 20).[3]   Defendants had previously been served with process on August 21, 2023, and had

not responded to plaintiff's complaint.   (Doc. 18).   *See* Fed. R. Civ. P. 12(a)(1)(A).   On

October 23, 2023, the Clerk entered default against defendants.   (Doc. 23).

## II.   Default

### A.   Applicable law

Pursuant to Rule 55(a), if a party "has failed to plead or otherwise defend, and that failure

is shown by affidavit or otherwise, the clerk must enter the party's default."   Fed. R. Civ. P.

55(a).   "The court may set aside an entry of default for good cause. . . ."   Fed. R. Civ. P. 55(c).

The court examines three factors to determine whether good cause exists for setting aside an

entry of default.   *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011).

These are: (1) whether the default was willful, (2) whether setting aside the entry of default

would prejudice plaintiff, and (3) whether the alleged defense is meritorious.   *Id.* (citing *United*

*Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983)).   Any doubt

should be resolved in favor of the motion to set aside the entry of default "so that cases may be

decided on their merits."   *United Coin Meter,* 705 F.2d at 846 (quoting *Rooks v. Am. Brass Co.*,

263 F.2d 166, 169 (6th Cir. 1959)) (internal quotation marks omitted).

"To be treated as culpable, the conduct of a defendant must display either an intent to

thwart judicial proceedings or a reckless disregard for the effect of its conduct on those

proceedings."   *Dassault Systemes, SA*, 663 F.3d at 841 (quoting *Shepard Claims Serv., Inc. v.*

*William Darrah & Assocs.,* 796 F.2d 190, 194 (6th Cir. 1986)).   As to the second prong, the

relevant inquiry focuses on the future prejudice that will result from setting aside the entry of

---

[3] The Court subsequently directed the Clerk to serve this Order (Doc. 20) and a subsequent Order (Doc. 25) on defendants' counsel.   (Doc. 28).

default, not prejudice that has already resulted from the defendant's conduct.  *Id.* at 842 (citing

*Berthelsen v. Kane,* 907 F.2d 617, 620-21 (6th Cir. 1990)).  Delay, in and of itself, is not a

sufficient basis for establishing prejudice.  *Id.* (citing *INVST Fin. Grp, Inc. v. Chem-Nuclear*

*Sys, Inc.,* 815 F.2d 391, 398 (6th Cir. 1987)) (internal quotation marks omitted).  Instead, "it

must be shown that delay will result in the loss of evidence, create increased difficulties of

discovery, or provide greater opportunity for fraud and collusion."  *Id.* (quoting *INVST Fin. Grp,*

815 F.2d at 398 (internal quotation marks omitted)).  Increased litigation costs also do not

generally support an entry of default.  *Id.* (citing *United States v. $22,050 Currency,* 595 F.3d

318, 325 (6th Cir. 2010)).  Finally, a defense is "meritorious" so as to satisfy the third element if

the defense is "good at law."  *Id.* at 843 (quoting *$22,050,* 595 F.3d at 326).  The test is not

whether a defense is likely to succeed on the merits; rather, the test is whether "there is some

possibility that the outcome of the suit after a full trial will be contrary to the result achieved by

the default."  *Id.* (quoting *$22,050,* 595 F.3d at 326).

> B.  Analysis

The Court will set aside the entry of default.  First, the default in this case was not

willful.  Defendants cite 42 U.S.C. § 1997e(g),[4]  which allows them to waive their response to

---

4 This subsection states:

> **(g) Waiver of reply**

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint.  *No relief shall be granted to the plaintiff unless a reply has been filed.*

> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

*Id.* (emphasis added).

4

plaintiff's complaint, and argue that the Court did not specifically invoke that provision and order defendants to reply to the complaint. *See Castellon v. Hinkle*, No. 2:20-cv-6420, 2022 WL 278163, at *2 (S.D. Ohio Jan. 31, 2022) ("If a court invokes the statute and orders a defendant to answer, . . . then the plaintiff would be justified in seeking default judgment for not responding to the complaint. However, the starting presumption is that defendants in such suits do not need to answer the complaint."). Defendants' reliance on 42 U.S.C. § 1997e(g) mitigates against a finding of willfulness.

Second, the Court sees no prejudice to plaintiff in his ability to prosecute this case if the entry of default is set aside. Plaintiff did not respond to defendants' motion to set aside the entry of default to raise prejudice. Third, defendants argue that—if ordered to respond to the complaint—they will raise meritorious defenses including failure of service of process, qualified immunity, and failure to state constitutional violations. The Court finds that this representation coupled with the balance of the other two factors supports setting aside the Entry of Default (Doc. 23).

Given this conclusion, plaintiff's motion for default judgment (Doc. 29) must be denied. "Prior to obtaining default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." *Johnson v. Humphrey*, No. 1:18-cv-43, 2019 WL 861246, at *1 (S.D. Ohio Feb. 22, 2019) (quoting *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682, at 13 (3d ed. 1998))). With the entry of default set aside, plaintiff is not entitled to default judgment.

### III. Plaintiff's motions

A. <u>Arguments</u>

The Court understands plaintiff's "Motion for leave to Request the Court to Review and Consider both Motions to Amend and to Join Counts Simultaneously" as seeking to amend his complaint to (1) revive Count Seven of his original complaint, which was dismissed by the Court (*see* Docs. 11, 19); and (2) add the Montgomery County Board of Commissioners (MCBC) as a defendant to a municipal liability claim under § 1983.   (*See* Doc. 26 (hereafter, "motion to amend")).

To support the first component of his motion to amend, plaintiff alleges that dismissed defendant Sheriff Robert Streck signed off on all use-of-force incidents at MCJ, including all those referenced in plaintiff's original complaint.    (Doc. 26 at PAGEID 163).    Plaintiff alleges that Sheriff Streck had a custom and pattern of practice of finding all uses of force justified, even if they were in fact unjustified, and he seeks to hold him individually liable as a supervisor. (*Id.*).

Regarding the second component of his motion to amend, plaintiff alleges that the MCBC should be liable as a municipality under an "inaction theory."    (Doc. 26 at PAGEID 164). Plaintiff cites several § 1983 actions MCJ and its employees alleging uses of excessive force and other unconstitutional behavior.    Plaintiff also alleges that MCBC should be liable for failing to train and/or supervise defendant Bemis in his handling of disciplinary proceedings, and for failing to train and/or supervise defendant Eaton and dismissed defendant Evers regarding unconstitutional conditions of confinement.

Plaintiff's "Motion for leave to Join Counts" (Doc. 27), in effect, requests that the dismissed Counts of his original complaint (Counts Three through Six) "are needed to

6

sufficiently establish the evidence of the illegal pattern, custom, and practices against the County as well as Defendant Streck (Count Seven)" for purposes of municipal liability.    (Doc. 27 at PAGEID 169).

Defendants argue in response that plaintiff's "Motion for leave to Join Counts" should be denied because it does not address the reasons for which the Court severed the Counts Three through Six in the first place.    As for plaintiff's motion to amend, defendants argue that plaintiff simply adds legal conclusions regarding municipal liability that are insufficient to cure the deficiencies identified with such a claim in the Court's prior Report and Recommendation (Doc. 11).

B. Analysis

1. *"Motion for leave to Join Counts"*

In its prior Report and Recommendation, the Court explained:

Plaintiff's complaint involves claims that arise out of separate incidents and involve different defendants and issues.  A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

"[T]he proper remedy for . . . misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."  *Cage v. Mich.*, No. 16cv11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018).  *See also Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *7 (S.D. Ohio Aug. 3, 2022).  Under Fed. R. Civ. P. 21, courts have "broad discretion 'to order severance to avoid causing unreasonable prejudice and expense to the defendant . . . and to avoid great inconvenience in the administration of justice.'"  *Proctor v. Applegate*, 661 F.

7

Supp. 2d 743, 781 (E.D. Mich. 2009) (quoting *Nali v. Mich. Dep't of Corrections*, No. 07-10831, 2007 WL 4465247, *3 (E.D. Mich. 2007)) (alteration in original).

(Doc. 11 at PAGEID 106).

Notwithstanding plaintiff's belief that his allegations in Counts Three through Six of his original complaint, if substantiated, have bearing on his proposed claims against Sheriff Streck and MCBC, he presents no authority supporting a departure from the conclusion above. As such, this motion (Doc. 27) should be denied.[5]

### 2. *Motion to amend*

Fed. R. Civ. P. 15(a) governs amendments to the pleadings. A complaint may be amended once as a matter of course within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). If a plaintiff wishes to amend the complaint after the 21-day period has expired, as in this case, he must obtain written consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). Under Rule 15, leave to amend a pleading shall be "freely given when justice so requires." The Court must consider several factors in determining whether to permit an amendment, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*,

---

[5] Moreover, the events described in Counts Three to Six of plaintiff's original complaint, having occurred at least approximately two months *after* the initial December 17, 2021 incident described in Count I, would not plausibly show MCBC's *prior* notice of its employees illegal conduct as is necessary for the theories of municipal liability that plaintiff advances. *See infra* pp. 11-12.

987 F.2d 376, 382-83 (6th Cir. 1993)).

The Court first considers plaintiff's proposal to revive Sheriff Streck as a defendant in his individual capacity. Reviewing plaintiff's original complaint (Doc. 1), the Court concluded:

> Plaintiff has failed to allege facts showing that [Sheriff] Streck was personally present or had any involvement in the alleged incidents, as would be necessary to plead an individual capacity claim. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

(Doc. 11 at PAGEID 109-10). In his motion to amend, plaintiff alleges the following: "Every use of force listed in the plaintiff's original complaint[,] counts one through four[,] were unjustified uses of force[] but w[ere] signed off by [Sheriff] Streck as justified; condoning, encouraging and/or acquiescing in the unconstitutional conduct." (Doc. 26 at PAGEID 163). Plaintiff also alleges that Sheriff Streck was responsible for determining whether *every* use-of-force incident at MCJ was justified or unjustified and implies that Sheriff Streck never found the use-of-force unjustified. (*See id.* ("[Sheriff] Streck allowed [MCJ] employee[]s/officers to believe that they may violate the civil rights of its detainees without repercussions. . . .")).

Like the allegations of plaintiff's original complaint, these allegations fail to state a claim of individual liability against Sheriff Streck for which relief may be granted. The allegations in the motion to amend do not demonstrate that Sheriff Streck was present during the alleged excessive use of force by defendant Gustave. Short of such direct participation in the alleged unconstitutional action, plaintiff must allege that Sheriff Streck "encouraged the *specific incident* of misconduct." *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) (emphasis added). Neither "tacit approval

9

of the goings on[,]" *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (*Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)), nor "simple awareness of the employees' misconduct," *McQueen*, 433 F.3d at 470 (quoting *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003)) (remaining citation omitted), gives rise to supervisory liability under § 1983.

Two Sixth Circuit cases illustrate when a defendant's actions are sufficiently direct as to give rise to a plausible supervisory-liability claim. In *Shehee*, the court concluded that "denial of administrative grievances" and "failure to remedy . . . alleged retaliatory behavior" were not actions for which supervisory liability would attach. 199 F.3d at 300 ("There is no allegation that any of these defendants directly participated, encouraged, authorized or acquiesced in the claimed retaliatory acts against Shehee. . . ."). By contrast, in *Bass*, the court found that a plaintiff's supervisory liability claim survived summary judgment where the supervisor not only failed to intervene with an assault but also attempted to cover up *that particular* assault. 167 F.3d at 1048. Like in *Shehee*, plaintiff's motion to amend fails to allege the direct participation in or specific approval by Sheriff Streck of the particular use-of-force at issue. As such, the motion to amend should be determined futile and denied to the extent plaintiff seeks to assert a claim against Sheriff Streck in his individual capacity.

The Court therefore turns to plaintiff's proposed addition of MCBC as a defendant to a claim of entity liability. In *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), the Supreme Court held that a government entity may be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent an official policy, inflicts the injury. . . ." *Id.* at 694. For a successful *Monell* claim, plaintiff must demonstrate "(1) that a violation of a

10

federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen."   *Bright*, 753 F.3d at 660 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).   A municipality may be held liable where it was the "moving force" behind the alleged constitutional deprivation. . . ." *Monell*, 436 U.S. at 694.

A plaintiff may establish an entity's liability under § 1983 by making one of the following demonstrations: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."   *Osberry v. Slusher*, 750 F. App'x 385, 397 (6th Cir. 2018) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)).   In addition to official policies, *Monell* contemplated liability that flows from both written and unwritten policies or customs, provided that they are "persistent and widespread. . . ."   *Monell*, 436 U.S. at 691 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167 (1970)).

To state a *Monell* claim using an "inaction theory" under the custom of tolerance or acquiescence prong, the Sixth Circuit requires a plaintiff to show:

(1) the existence of a clear and persistent pattern of [illegal activity];
(2) notice or constructive notice on the part of the [defendant];
(3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and
(4) that the [defendant's] custom was the "moving force" or direct causal link in the constitutional deprivation.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996)) (alterations in original).

11

For a failure to train or supervise claim, a plaintiff must show: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quoting *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006)). Deliberate indifference "typically requires proof that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures." *Amerson v. Waterford Twp.*, 562 F. App'x 484, 490 (6th Cir. 2014) (quoting *Miller v. Calhoun Cnty.*, 408 F.3d 803, 815 (6th Cir. 2005)).

In the Court's prior Report and Recommendation, it concluded that plaintiff had not stated a municipal liability claim because he did "not allege any facts indicating that the County knew of prior unconstitutional conduct on the part of [MCJ] staff.   Plaintiff merely assumes an unconstitutional policy based on his own alleged experiences at [MCJ]."   (Doc. 11 at PAGEID 111).   In his motion to amend, plaintiff points to several prior federal lawsuits alleging unconstitutional actions by MCJ staff.   (*See* Doc. 26 at PAGEID 164, citing *Johnson v. NaphCare, Inc.*, No. 3:19-cv-054, 2022 WL 306981, at *1 (S.D. Ohio Feb. 2, 2022) (alleging that inadequate training of MCJ health care staff led to a detainee's death); *Myers v. Montgomery Cnty. Bd. of Comm'rs*, No. 3:18-cv-00409, 2019 WL 2567748, at *1 (S.D. Ohio June 21, 2019) (alleging a custom, policy, or practice of allowing serious acts of violence and nonconsensual sexual acts); *Wade v. Montgomery Cnty., Ohio*, No. 3:17-cv-051, 2018 WL 6329831 (S.D. Ohio Dec. 4, 2018) (alleging a custom of tolerance or acquiescence toward excessive force, where the plaintiff alleged that he was pepper sprayed while restrained); *Wallace v. Montgomery Cnty.*,

12

Ohio, No. 3:17-cv-00183, 2018 WL 878327, at *1 (S.D. Ohio Feb. 14, 2018) (alleging a policy, practice, or custom of allowing excessive force, where the plaintiff alleged that he was attacked while compliant and restrained ); *Swink v. Montgomery Cnty. Bd. of Comm'rs*, No. 3:16-cv-392, 2017 WL 3600433 (S.D. Ohio Aug. 18, 2017) (alleging a custom of excessive use of force and deprivation of right to documentary evidence, where the plaintiff alleged that she was pepper sprayed to the point of unconsciousness after being left in a restraint chair for over an hour)). Defendants counter only that plaintiff adds "conclusory allegations of the elements of a *Monell* claim against the [MCBC] and Sheriff Streck. . . ." (Doc. 33 at PAGEID 190).

At this early stage of the proceedings, the Court finds that plaintiff's reference to these specific, prior instances of alleged excessive force by MCJ staff (*see* Doc. 26 at PAGEID 164)[6] are sufficient to state a *Monell* claim against MCBC based on a custom of tolerance or acquiescence of excessive force. *See Wade*, 2018 WL 6329831, at *7 (Rose, J.) ("While the Court will not take judicial notice of these cases, Plaintiff may be able to introduce evidence from these cases or testimony regarding them at trial on the existence of a pattern of practice."). Plaintiff's motion to amend should be granted to allow such a claim to proceed.

These cases do not, however, help plaintiff to assert plausible *Monell* claims related to defendant Eaton "plac[ing] him in a transport cell and subject[ing] him to unconstitutional conditions of confinement" or defendant Bemis "remov[ing] his property, plac[ing] him on restrictions without a hearing, or fail[ing] to intervene to remove him from the transport cell" in violation of the Fourteenth Amendment.[7] (Doc. 11 at PAGEID 99). Based on the Court's

---

[6] Only *Johnson*, 2022 WL 306981, did not involve alleged use of excessive force.
[7] Plaintiff's motion to amend also invokes such a claim against dismissed defendant Evers. (*See* Doc. 26 at PAGEID 165-66). Because the undersigned stands on its recommendation to sever Count Five of plaintiff's initial complaint, the only Count in which Evers is named a defendant, plaintiff cannot state a plausible municipal liability

review of the cases that plaintiff references, neither *Johnson*, *Myers*, *Wade*, *Wallace*, nor *Swink* puts MCBC on notice of a clear and persistent pattern of the type of unconstitutional behavior allegedly taken by defendants Bemis and Eaton.   Plaintiff's motion to amend should be denied to the extent he seeks to assert such a *Monell* claim.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's "Motion for leave to Join Counts" (Doc. 27) be **DENIED**.

2. Plaintiff's motion to amend (Doc. 26) be **GRANTED in part** and **DENIED in part** as explained herein.

3. Plaintiff be granted thirty days from the entry of any Order adopting this Report and Recommendation to submit an amended complaint consistent with this Report and Recommendation that asserts *only* the following claims against the following defendants:

   a. Count One of plaintiff's original complaint's (Doc. 1's) Fourteenth Amendment excessive-use of-force claim and First and Fourteenth Amendment claims relating to the discontinuation of plaintiff's December 21, 2021 video visit against defendant Gustave for damages in his individual capacity;

   b. Count One of plaintiff's original complaint's (Doc. 1) Fourteenth Amendment failure-to-intervene claim for damages against defendant Molton in his individual capacity; and Count Two of plaintiff's original complaint's (Doc. 1) Fourteenth Amendment due process and conditions-of-confinement claims for damages against defendants Bemis and Eaton in their individual capacities;

---

claim relying on defendant Evers' alleged conduct.  *Cf. Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015) ("Without an underlying unconstitutional act, [plaintiff's] claim against the [municipality] under § 1983 must . . . fail.").

c. A *Monell* claim against MCBC based on its custom of tolerance or acquiescence to the excessive use of force of MCJ employees.

4. If the District Judge orders the filing of such an amended complaint:

a. Plaintiff shall complete and submit a summons form and USM-285 for MCBC.

b. Once received by the Court, the United States Marshal shall serve on MCBC a copy of the original complaint (Doc. 1), amended complaint, the separate Order issued granting plaintiff *in forma pauperis* status (Doc. 10), the Court's prior Report and Recommendation and Order adopting it (Docs. 11, 19), this Report and Recommendation, and any Order adopting it.

## IT IS THEREFORE ORDERED THAT:

1. Defendants' motion to set aside the entry of default (Doc. 31) is **GRANTED**.

2. Plaintiff's motion for default judgment (Doc. 29) is **DENIED**.

Date: 2/12/2024

Karen L. Litkovitz
United States Magistrate Judge

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CALEB WHITFIELD,                                        Case No. 3:23-cv-23
       Plaintiff,                                        Rose, J.
                                                        Litkovitz, M.J.

       vs.

CORRECTION OFFICER
GUSTAVE, *et al.*,
       Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).